UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
Sylvester BELGRAVE,

                        Petitioner,

            - against -

Harold D. GRAHAM, Superintendent,

                        Respondent.
----------------------------------------------------------x

**MEMORANDUM & ORDER**
10-CV-5168 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

## I. INTRODUCTION

Petitioner Sylvester Belgrave ("Petitioner"), acting *pro se,* petitions the Court for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. This matter was referred to the Honorable Lois Bloom, United States Magistrate Judge, for a Report and Recommendation, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.1(d). In the Report and Recommendation, issued November 24, 2014, Judge Bloom recommends that the Court (a) deny the petition in its entirety; (b) decline to issue a certificate of appealability; and (c) certify that any appeal from the Court's judgment would not be taken in good faith. *See* Report & Recommendation (Dkt. 19) at 19. On March 2, 2015, Petitioner filed objections to Magistrate Bloom's Report and Recommendation. *See* Objections to Report & Recommendation (Dkt. 23). Finding no merit to Petitioner's objections and no error in Judge Bloom's decision, the Court adopts the Report and Recommendation in its entirety.

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1); *Tyk v. Surat*, No. 13-CV-1532, 2015 WL 13214925, at *1 (E.D.N.Y. July 23, 2015) ("Any portion of a [magistrate

judge's] report and recommendation on dispositive matters, to which a timely, specific objection has been made, is reviewed *de novo* [by the district court]." (citing Fed. R. Civ. P. 72(b)). However, "[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge, are reviewed for clear error." *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (citation and internal quotation marks omitted). After reviewing the report and recommendation, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1); *see also McFarlane v. Martuscello*, No. 13-CV-6556, 2016 WL 4991532, at *1 (E.D.N.Y. Sept. 16, 2016) (quoting 28 U.S.C. § 636(b)(1)).

## III. ANALYSIS

Petitioner raises three objections to Judge Bloom's Report and Recommendation ("R & R"), in sum and substance:

1. The R & R erroneously determines that the trial court's *sua sponte* reverse-*Batson* challenge did not deprive Petitioner of constitutional rights. (Dkt. 23 at 2-4.)

2. The R & R incorrectly finds that Petitioner's claims of ineffective assistance of trial counsel and appellate counsel are without merit. (*Id.* at 4-7.)

3. The R & R incorrectly characterizes the substance and facts of Petitioner's *Brady* claim. (*Id.* at 8-11.)

**Objection 1: Deprivation of Due Process by Trial Court's Reverse-*Batson* Challenge**

In his objections, Petitioner renews the claim from his *habeas* petition that the trial court's *sua sponte* request for a race-neutral explanation for one of Petitioner counsel's peremptory challenges constituted a reverse-*Batson* challenge and a *per se* deprivation of his constitutional

rights to "due process, equal protection, and a fair trial."[1] (Dkt. 23 at 2-4.) Because Petitioner made the same claim in his *habeas* petition, its denial is reviewed for clear error. (Dkt. 11 at 12-15 (discussing facts and arguments related to the reverse-*Batson* challenge)); *see Chime*, 137 F. Supp. at 187.

Judge Bloom correctly determined that "to the extent Petitioner had a right to freely exercise his preemptory challenges, 'it arose out of New York state law, not the federal constitution' and is not cognizable on habeas review."[2] (R & R at 9 (quoting *Chu v. Artus*, No. 07

---

[1] Petitioner also claims that the R & R misrepresents the reverse-*Batson* challenges at trial where it states that "the trial court twice raised a reverse-Batson challenge regarding [P]etitioner's counsel's [peremptory] challenges." (R & R at 13.) While the trial court did note that Petitioner's counsel struck three white jurors in the first *voir dire* panel (Voir Dire Transcript ("Voir Dire T."), at 47-48), it was the prosecution that challenged Petitioner counsel's peremptory challenge to strike the fourth white juror (*id.* at 48-51). According to Petitioner, "[t]he inaccuracy of the statement [in the R&R] would create the impression that counsel's reason for not providing a race-neutral explanation the second time would not be because of judicial interference, but because his motive was discriminatory." (Dkt. 23 at 5.) Although the R & R slightly mischaracterizes the first challenge, it is inconsequential to the Court's analysis.

[2] Judge Bloom correctly noted in the R&R that a challenge to a state court's reverse-*Batson* ruling could be cognizable on federal *habeas* review if it resulted in the selection of a juror who was unqualified or biased. (R&R at 9 n.10 (collecting cases)); *see also Rivera v. Illinois*, 556 U.S. 148, 158 (2009) ("Because peremptory challenges are within the States' province to grant or withhold, the mistaken denial of a state-provided peremptory challenge does not, without more, violate the Federal Constitution."). Petitioner, in both his *habeas* petition and in his objections to the R&R, makes a passing reference to the fact that the juror seated as a result of Petitioner's counsel choosing to withdraw his peremptory challenge, rather than provide a race-neutral explanation, was "not good for [his defense]" (Dkt. 11 at 17) and "unfair and bias [*sic*]" (Dkt. 23 at 6). These cursory allegations of bias are insufficient to establish a basis for relief. *Pinto v. Lee*, 09 CV 05419, 2014 WL 2594416, at *2 (E.D.N.Y. June 10, 2014) ("Because [Petitioner] has not . . . provided any evidence [] that any of the empaneled jurors were unqualified or biased, his reverse-*Batson* claim fails as a matter of law."). Petitioner has also offered nothing to rebut the determination in the R & R that there is no reason to believe that the relevant juror did not fairly and impartially evaluate the evidence at trial. (*See* R & R at 15 ("During voir dire the trial judge specifically asked [the relevant juror], 'Can you be fair to both sides here' and [the juror] replied, 'Yes, I think I can be fair.'" (quoting Voir Dire T. at 77)).) Furthermore, as noted in the R&R, even if Petitioner sufficiently alleged the relevant juror was unqualified or biased, "the claim would be procedurally barred because the Appellate Division relied on New York's contemporaneous

3

CIV. 6684 RJS DF, 2011 WL 8202381, at *18 (S.D.N.Y. Aug. 9, 2011), *report and recommendation adopted,* No. 07 CIV. 6684 RJS DF, 2012 WL 2899378 (S.D.N.Y. July 16, 2012)); *see also Chu*, 2011 WL 8202381, at *18 ("[D]istrict courts within the Circuit have uniformly held that a state court ruling sustaining a reverse-*Batson* challenge may not be reviewed on *habeas corpus* because there is no constitutional right to peremptory challenges." (alteration in original) (citation and internal quotation marks omitted)); *Boston v. Brown*, 10-CV-01494 (CBA), 2014 WL 726683, at *12 (E.D.N.Y. Feb. 24, 2014) (stating that because the loss of a peremptory challenge "does not violate defendant's federal rights, it cannot, by extension, form the basis of relief on federal habeas review" (internal quotation marks omitted)).

In his objection, Petitioner cites the Seventh Circuit's decision in *Aki-Khuam v. Davis* to support the proposition that the trial court's *sua sponte* reverse-*Batson* challenge deprived Petitioner of his constitutional rights. 339 F.3d 521, 523-24 (7th Cir. 2003); (Dkt. 23 at 4). In *Aki-Khuam*, the Seventh Circuit found that the trial court rejected the "neutral reasons" offered by defense counsel for peremptory challenges based on "precisely the standard [the Supreme Court] reject[ed]" in *Purkett v. Elem*, 514 U.S. 765, 767-68 (1995). Under the Antiterrorism and Effective Death Penalty Act, such an error constituted grounds for granting a *habeas* petition as it was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d). However, no such contravention of clearly established law exists in this case, since Petitioner's counsel voluntarily withdrew his preemptory challenge when asked for a race-neutral explanation.[3] (Voir Dire T. at 80.)

---

objection rule, an independent and adequate state law ground, to deny plaintiff's reverse-*Batson* claim." (R&R at 9 n.10.)

[3] None of the other cases cited by Petitioner supports his claims. (Dkt. 23 at 3-4). For example, in *Burnham v. Doe*, the Seventh Circuit noted in *dicta* that "[w]e are aware of no case

**Objection 2: Ineffective Assistance of Trial and Appellate Counsel**

In his objections, Petitioner renews the claim from his *habeas* petition that his trial counsel was ineffective because he "failed in his duty to protect Petitioner's constitutional right to due process and a fair trial by not objecting to trial court's deviation from Batson" and by withdrawing the peremptory strike "without an objection or at the least an explanation." (Dkt. 23 at 6.) He also repeats his claim that appellate counsel was ineffective for "failing to raise the claim of ineffective assistance of Trial Counsel." (*Id.* at 7.) Petitioner's objections simply repeat his arguments that he was deprived of his Sixth Amendment right to effective counsel. (*Id.* at 5-7; Dkt. 11 at 15-18.) Judge Bloom fully addressed these arguments in her well-reasoned R&R. (*See* R&R at 12-16.) The Court therefore has reviewed Judge Bloom's R&R for clear error and finds none.[4] *See Pall Corp. v. Enteeris. Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) ("When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." (citation and internal quotation marks omitted)).

**Objection 3: *Brady* Claim**

Petitioner objects to the characterization of his *Brady* claim in the R&R, which states that his rights were allegedly violated "because the prosecutor failed to advise the defense that the prosecution would not be calling [Rondel] Felton, [a witness to the crime,] to testify[,] and failed

---

which authorizes a judge to invoke *Batson* when a party has never objected on that basis," but that does not address the issue of the cognizability of the claim on federal *habeas* review. Petitioner's citation to *Clark v. Newport News Shipbuilding & Dry Dock Co.*, 937 F.2d 934, 939 (4th Cir. 1991) is similarly deficient.

[4] Because the Court finds that Petitioner's ineffective assistance of appellate counsel claim is without merit, federal *habeas* review of his ineffective assistance of trial counsel claim remains foreclosed under N.Y. Crim. Proc. Law § 440.10(2)(c) (requiring a petitioner to raise all claims for which "sufficient facts appear on the [trial] record" on direct appeal). (*See* R&R at 10-12; Dkt. 23 at 6-7.)

5

to provide Felton's address so that petitioner's counsel could call him as a witness instead." (R&R at 16.) In his objections, Petitioner claims his counsel "constantly . . . requested" Mr. Felton's name and address but it was not provided to him until "days before trial." (Dkt. 23 at 8.) Even assuming *arguendo* that the R&R mischaracterizes Petitioner's *Brady* claim, he still fails to establish that the allegedly suppressed information is material. *Perez v. Smith*, 791 F. Supp. 2d 291, 316-17 (E.D.N.Y. 2011) (finding *Brady* only requires the prosecution to "tum over evidence in its possession that is both favorable to the accused and material to guilt or punishment") (quoting *Pennsylvania v. Ritchie*, 480 U.S. 39, 57 (1987)).

Specifically, Petitioner renews his *Brady* claim that the suppression of Mr. Felton's information was material because Mr. Felton was an exculpatory witness who could have testified that Petitioner was not the shooter. (Dkt. 23 at 8-11.) Since Petitioner made the same claim in his *habeas* petition, its denial is reviewed for clear error. (Dkt. 11 at 18-20 (discussing the content of Petitioner's *Brady* claim)); *see Chime*, 137 F. Supp. 3d at 187. This objection is mere speculation and is without support in the record; therefore, Petitioner fails to demonstrate a *Brady* violation. *Kyles v. Whitley*, 514 U.S. 419, 435 (1995) (holding that a petitioner demonstrates a *Brady* violation "by showing that the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine the confidence in the verdict").

## IV. CONCLUSION

Finding no error, the Court overrules Petitioner's objections, adopts in full Judge Bloom's R&R, and denies Petitioner's petition for a writ of *habeas corpus*. See *Porter v. Potter*, 219 F. App'x 112 (2d Cir. 2007) (summary order). Because Petitioner has failed to make a substantial showing of the denial of any constitutional right, no certificate of appealability shall issue. *See* 28

U.S.C. § 2253(c)(2).  Additionally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: October 19, 2017
      Brooklyn, New York